UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ARMIN VAN DAMME, an individual,<br><br>Plaintiff,<br><br>v.<br><br>JP MORGAN CHASE BANK, INC. N.A., et al.,<br><br>Defendants. | Case No. 2:15-cv-01951-APG-PAL<br><br>**ORDER ON DEFENDANTS' MOTION TO DISMISS AND PLAINTIFF'S MOTION TO AMEND**<br><br>(ECF Nos. 6, 24) |

Plaintiff Armin Van Damme has filed suit against numerous financial institutions related to an alleged wrongful commencement of foreclosure on his residential property and for other alleged deceptive foreclosure and lending practices. Plaintiff originally filed his complaint in Nevada state court, alleging claims against all defendants for: (1) quiet title, (2) wrongful foreclosure, (3) violation of the Truth in Lending Act ("TILA"), (4) breach of fiduciary duty, (5) fraud, (6) breach of the duty of good faith and fair dealing, and (7) breach of contract. ECF No. 1-1 at 6-33.

Defendants Bank of America, N.A., Bank of America Holding Corp. (formally known as LaSalle Bank Corporation), and MERSCORP, Inc., removed this action to federal court under federal question jurisdiction based on Van Damme's TILA claim. ECF No. 1. Subsequently, the defendants moved to dismiss all of Van Damme's claims against them. ECF No. 6. In response, Van Damme concedes that his claims for (1) wrongful foreclosure, (2) violation of TILA, and (3) breach of fiduciary duty should be dismissed. ECF No. 24 at 8. I accept Van Damme's voluntary dismissal of these claims.

Federal district courts have discretion to keep, or decline to keep, state law claims over which they have supplemental jurisdiction pursuant to the conditions set out in 28 U.S.C. § 1367(c). Section 1367(c)(3) states that a district court may decline to exercise supplemental jurisdiction if "the district court has dismissed all claims over which it has original jurisdiction."

While not mandatory, the court "should" decline to keep state law claims if the federal claims are dismissed before trial, barring countervailing constraints. *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966) ("Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law.  Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well."); *see also Acri v. Varian Associates, Inc.*, 114 F.3d 999, 1000 (9th Cir.), *supplemented*, 121 F.3d 714 (9th Cir. 1997), *as amended* (Oct. 1, 1997).

Because Van Damme has voluntarily dismissed his TILA claim, and it is the only claim over which this Court has original jurisdiction, I decline to exercise supplemental jurisdiction over the remaining state law claims.  Because this action was removed from state court and is in its early stages, no party will be prejudiced by remanding to state court.

IT IS THEREFORE ORDERED that this case is remanded back to Nevada state court for further proceedings on Van Damme's remaining state law claims.

IT IS FURTHER ORDERED that the defendants' motion to dismiss **(ECF No. 6)** and Van Damme's motion to amend the complaint **(ECF No. 24)** are **DENIED as moot.**

DATED this 16th day of May, 2016.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE