UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ARMIN VAN DAMME, | ) |
| | ) |
| Plaintiff, | ) Case No.: 2:15-cv-1951-GMN-PAL |
| vs. | ) |
| | ) **ORDER** |
| JP MORGAN CHASE BANK, INC. N.A. *et al.*, | ) |
| | ) |
| Defendants. | ) |
| | ) |

Pending before the Court is the Motion for Reconsideration (ECF No. 41) filed by Defendants Wells Fargo, Bank, N.A., ("Wells Fargo"), Wells Fargo Home Mortgage ("Wells Fargo Home Mortgage"), a division of Wells Fargo, America's Servicing Company ("ASC"), a division of Wells Fargo, and U.S. Bank National Association, as Trustee, successor in interest to Bank of America, N.A. ("U.S. Bank") (collectively, "Wells Fargo Defendants"). Defendants Bank of America, N.A. ("BANA"), MERSCORP, Inc. ("MERSCORP"), and BANA Holding Corp. ("BHC"), formerly known as LaSalle Bank Corporation (collectively, "BANA Defendants") joined the Wells Fargo Defendants' Motion. (ECF No. 44). Plaintiff Armin Van Damme ("Plaintiff") filed a Response to the Motion for Reconsideration. (ECF No. 45). The BANA Defendants filed a Reply (ECF No. 46), and the Wells Fargo Defendants filed a Joinder to that Reply (ECF No. 47).

I. **BACKGROUND**

The present action involves the parties' interests in real property located at 2775 Twin Palms Circle, Las Vegas, NV 89117 (the "Property"). (Compl., Ex. 1 to Pet. for Removal, ECF No. 1-1). On August 28, 2015, Plaintiff filed suit against various financial institutions in the

Eighth Judicial District Court of the State of Nevada (the "state court"), alleging the following claims: (1) quiet title, (2) wrongful foreclosure, (3) violation of the Truth in Lending Act ("TILA"), (4) breach of fiduciary duty, (5) fraud, (6) breach of the duty of good faith and fair dealing, and (7) breach of contract. (*Id.*). On October 8, 2015, the BANA Defendants removed the case to this Court under federal question jurisdiction, 28 U.S.C. § 1331, because of Plaintiff's TILA violation claim. (Pet. for Removal ¶¶ 9–13, ECF No. 1). The BANA Defendants, joined by the Wells Fargo Defendants (collectively, "Defendants"), moved to dismiss all claims. (ECF Nos. 6, 8). In his Response, Plaintiff conceded that his claims for wrongful foreclosure, violation of TILA, and breach of fiduciary duty should be dismissed. (Pl.'s Resp. to MTD 8:1–7, ECF No. 24). On May 16, 2016, the Court accepted Plaintiff's voluntary dismissal of these claims. (Order 1:21–23, ECF No. 40). Upon the dismissal of Plaintiff's TILA violation claim, the Court determined that federal question jurisdiction over the case no longer remained, and the Court declined to exercise supplemental jurisdiction over the remaining state law claims. (*Id.* 1:24–2:11). Accordingly, the Court remanded the case back to the state court. (*Id.* 2:13–14).

Subsequently, Defendants filed the instant motion for reconsideration of the remand order, arguing that despite the lack of federal question, "diversity jurisdiction exists in this case." (Mot. Recons. 2:5–7, ECF No. 41). The Court stayed the remand order until subject matter jurisdiction could be reevaluated. (ECF No. 42).

## II.    <u>LEGAL STANDARD</u>

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). District courts have jurisdiction in two instances. First, district courts have subject matter jurisdiction over civil actions that arise under federal law. 28 U.S.C. § 1331. Second, district courts have subject

matter jurisdiction over civil actions where no plaintiff is a citizen of the same state as a defendant and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a).

If a plaintiff files a civil action in state court, the defendant may remove that action to a federal district court if the district court has original jurisdiction over the matter. 28 U.S.C. § 1441(a). Removal statutes are strictly construed against removal jurisdiction. *Ritchey v. UpJohn Drug Co.*, 139 F.3d 1313, 1317 (9th Cir. 1998). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992) (quoting *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)). The defendant always has the burden of establishing that removal is proper. *Id.*

Although "motion[s] for reconsideration should not be granted, absent highly unusual circumstances," *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003), a full and proper determination of subject matter jurisdiction is paramount because subject matter jurisdiction is not discretionary; rather, the court has an "virtually unflagging obligation to exercise the jurisdiction conferred upon [it] by the coordinate branches of government and duly invoked by litigants." *Williams v. Costco Wholesale Corp.*, 471 F.3d 975, 977 (9th Cir. 2006) (quoting *United States v. Rubenstein,* 971 F.2d 288, 293 (9th Cir. 1992) (alteration in original) (internal quotation marks omitted)).

### III. DISCUSSION

In their Motion for Reconsideration, Defendants argue that even though no federal question remains, the Court still has jurisdiction over this case through diversity. (Mot. Recons. 4:17–6:16). Diversity jurisdiction requires different citizenships of Plaintiff and all Defendants, along with an amount in controversy of over $75,000. 28 U.S.C. § 1332(a).

Here, "Plaintiff does not dispute that the amount in controversy exceeds the threshold value of $75,000.00." (Pl. Resp. 10:25–27, ECF No. 45). Plaintiff also does not dispute the different citizenships of the parties. (*See* Pl. Resp. 8:14–12:4). Rather, Plaintiff argues that

reconsideration is not warranted, and Defendants should not be permitted to amend the Notice of Removal to include diversity as a basis for jurisdiction. (*Id.*).  Specifically, Plaintiff contends that "[b]oth the interests of justice and judicial economy require a rejection of Defendants' Motion." (Pl. Resp. 11:11–12).[1]

The Court finds that reconsideration of its prior order is appropriate given the importance of subject matter jurisdiction. *See Costco Wholesale Corp.*, 471 F.3d at 977. Further, the Court finds that it has diversity jurisdiction over this case.  "When a case is properly removed to federal court, the district court may exercise jurisdiction on all bases apparent from the complaint, not merely the basis raised in the removal notice." *Kakarala v. Wells Fargo Bank, N.A.*, 615 F. App'x 424, 425 (9th Cir. 2015) (quoting *Costco Wholesale Corp.*, 471 F.3d at 976).  Amount in controversy is not in dispute.  Additionally, Defendants clearly set out in their motion the diverse citizenship of each party (Mot. Recons. 4:20–24), which Plaintiff does not dispute in his Response.  Plaintiff's Complaint also supports Defendants' assertion of diversity of citizenship. (*See* Compl. ¶¶ 1–10).[2]  Given that diversity jurisdiction exists, the Court has no discretion to remand Plaintiff's remaining state law claims.

---

[1] Plaintiff also asserts procedural defects regarding removal. (Pl. Resp. 3:3–7, 3:20–26).  However, 28 U.S.C. § 1447 requires that a "motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal." 28 U.S.C. § 1447(c).  Plaintiff did not file a motion to remand regarding these procedural defects within the allowable 30 days, which Plaintiff conceded in his original response to Defendants' Motion to Dismiss. (*See* Pl. Resp. to MTD 3:17–20).  As such, Plaintiff has waived these alleged procedural defects regarding removal.

[2] Plaintiff's Complaint includes Defendant "Mortgage Lending and Investment, Inc.," a domestic corporation, which would have originally defeated diversity jurisdiction in this case.  Although Plaintiff's causes of action refer to "All Defendants," there are no specific allegations against Mortgage Lending and Investment, Inc. Further, Plaintiff does not appear to have served Mortgage Lending and Investment, Inc., which also does not appear as a listed defendant on the docket in this case.  Lastly, Plaintiff's Response names the "Defendants in Plaintiff's Complaint" and Mortgage Lending and Investment, Inc. is not included in that list. (Pl. Resp. 2:14–16).  Accordingly, the Court finds that Mortgage Lending and Investment, Inc. is not a current defendant in this case, and as such, it does not destroy diversity. *See Kakarala*, 615 F. App'x at 425 (citing *Caterpillar Inc. v. Lewis,* 519 U.S. 61, 64 (1996)) ("The fact that a non-diverse party was once joined in a case does not prevent a court from exercising diversity jurisdiction after the non-diverse party's dismissal.").

1  *See Williams*, 471 F.3d at 977.  Accordingly, the Court's prior remand order is vacated, and the
2  case shall remain before this Court.
3  **IV.**     **CONCLUSION**
4         **IT IS HEREBY ORDERED** that Defendants' Motion to Reconsider (ECF No. 41) is
5  **GRANTED**.  The Court finds that it has diversity jurisdiction over this case.  Accordingly, the
6  Court's Order (ECF No. 40) remanding the case to state court is hereby **VACATED**.
7         **DATED** this __5__ day of January, 2017.

                                    _____
                                    Gloria M. Navarro, Chief Judge
                                    United States District Court