# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

ARMIN VAN DAMME,

        Plaintiff,

vs.

JP MORGAN CHASE BANK, INC. N.A. *et al.*,

        Defendants.

Case No.: 2:15-cv-1951-GMN-PAL

**ORDER**

Pending before the Court is the Motion to Dismiss, (ECF No. 67), filed by Defendants Bank of America, N.A. ("BANA"), MERSCORP, Inc. ("MERSCORP"), and BANA Holding Corp., formerly known as LaSalle Bank Corporation ("BHC") (collectively "BANA Defendants"). Plaintiff Armin Van Damme ("Plaintiff") filed a Response, (ECF No. 76), and BANA Defendants filed a Reply, (ECF No. 86).

Also before the Court is the Motion to Dismiss, (ECF No. 68), filed by Defendants Wells Fargo, Bank, N.A., ("Wells Fargo"), America's Servicing Company ("ASC"), a division of Wells Fargo, and U.S. Bank National Association, as Trustee, successor in interest to Bank of America, N.A. ("U.S. Bank") (collectively "Wells Fargo Defendants"). Plaintiff filed a Response, (ECF No. 75), and Wells Fargo Defendants filed a Reply, (ECF No. 83). For the reasons stated herein, the respective Motions to Dismiss are **GRANTED**.

## I.    BACKGROUND

The present action concerns the parties' interests in real property located at 2775 Twin Palms Circle, Las Vegas, NV 89117 (the "Property"). (Am. Compl., ECF No. 60). Plaintiff first acquired the Property on December 29, 2003. (*Id.* ¶ 15). The Property was secured by two Deeds of Trust, which were recorded on January 6, 2004. (*Id.*). On or around September 2004,

Plaintiff obtained a mortgage from BNC Mortgage, Inc. in the principal amount of $740,000.00 to refinance the Property, and a Deed of Trust was recorded on October 5, 2004. (*Id.* ¶¶ 19–27). Plaintiff alleges, however, that he did not sign this Deed of Trust because "he was in Europe on business on that particular date." (*Id.*). Nonetheless, Plaintiff admits that prior to leaving the United States, he "executed a Power of Attorney as it pertains to the refinance application." (*Id.* ¶ 19). On or about October 1, 2004, Plaintiff was made party to a civil lawsuit, which concerned Plaintiff's alleged encroachment on his neighboring property line. (*Id.* ¶ 28). During the lawsuit, a *Lis Pendens* was recorded against the Property, creating a cloud on Plaintiff's title. (*Id.* ¶ 29). From the Complaint, it is unclear as to the resolution of this lawsuit.

On October 10, 2007, the National Default Servicing Company ("NDSC") filed a Notice of Default as to the Property. (*Id.* ¶ 39). In the notice, Plaintiff alleges that NDSC claimed to be the "original Trustee for secure obligations in favor of "MERS-NOMINEE FOR BNC MORTGAGE, INC." (*Id.* ¶ 45). According to Plaintiff, however, BNC National Bank had previously assigned its interest in the Property to LaSalle Bank National Association ("LaSalle Bank") in December 2004. (*Id.* ¶ 38). Plaintiff therefore alleges that the Notice of Default dated October 10, 2007, referenced the wrong beneficiary. (*Id.* ¶ 47). Furthermore, Plaintiff claims that this notice was defective because NDSC failed to file a substitution as trustee prior to this date. (*Id.* ¶ 44). On January 9, 2008, NDSC recorded a Notice of Rescission with respect to the default notice. (*Id.* ¶ 51). On January 10, 2008, NDSC filed another Notice of Default with the Clark County Recorder's Office, which Plaintiff alleges was defective under the same basis as the first notice. (*Id.* ¶ 56).

In January 2008, Plaintiff entered into negotiations for a loan modification with Wells Fargo. (*Id.* ¶ 58). Plaintiff claims that he was "forced to proceed forward with the Loan Modification because of the imminent threat of foreclosure recorded by [NDSC]." (*Id.* ¶ 57). Plaintiff ultimately signed a loan modification agreement on March 18, 2008, and the

agreement was recorded on April 25, 2008. (*Id. ¶* 58). According to Plaintiff, however, Wells Fargo did not have authority to modify the loan as the servicer. (*Id. ¶¶* 61, 68). Thus, Plaintiff alleges that Wells Fargo entered into this modification despite having "actual knowledge that they could not modify the original loan . . . ." (*Id. ¶* 62). On July 20, 2015, NDSC filed another Notice of Default on the Deed of Trust; however, Plaintiff asserts that NDSC does "not have a lawful right to foreclose and sell the property, as they do not have the Deed of Trust, nor have they provided proper certification that they have an Assignment of the Deed of Trust." (*Id. ¶¶* 81, 82).

On August 28, 2015, Plaintiff filed suit against the various financial institutions in the Eighth Judicial District Court of the State of Nevada, which BANA Defendants then removed to this Court. (Pet. for Removal ¶¶ 9–13, ECF No. 1). On March 29, 2017, Plaintiff filed the Third Amended Complaint, asserting claims for: (1) Quiet Title; (2) Fraud; (3) Breach of Contract; and (4) Breach of Implied Covenant of Good Faith and Fair Dealing. (*See* Am. Compl.). BANA Defendants and Wells Fargo Defendants now move for dismissal on each of Plaintiff's claims. (ECF Nos. 67, 68).[1]

## II. LEGAL STANDARD

Dismissal is appropriate under Rule 12(b)(6) where a pleader fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A pleading must give fair notice of a legally cognizable claim and the grounds on which it rests, and although a court must take all factual allegations as true, legal conclusions couched as a factual allegation are insufficient. *Twombly*, 550 U.S. at 555. Accordingly, Rule 12(b)(6) requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*.

---

[1] The Court takes judicial notice of the documents of public record filed on the docket. *See Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*.

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). "However, material which is properly submitted as part of the complaint may be considered." *Id*. Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). On a motion to dismiss, a court may also take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Otherwise, if a court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. Fed. R. Civ. P. 12(d).

If the court grants a motion to dismiss for failure to state a claim, leave to amend should be granted unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc*., 957 F.2d 655, 658 (9th Cir. 1992). Pursuant to Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

## III. DISCUSSION

**1. General Deficiencies in the Amended Complaint**

In the Motions to Dismiss, both the BANA Defendants and Wells Fargo Defendants argue that Plaintiff's Amended Complaint fails to provide adequate notice as to which specific allegations pertain to which defendants. The Court agrees. As stated above, a pleading must give "fair notice of a legally cognizable claim and the grounds on which it rests." *Twombly*, 550 U.S. at 555; *see also* Fed. R. Civ. P. 8(a). The purpose of this requirement is not only to provide defendants with a fair opportunity to respond to allegations, but also to ensure the effective use of the Court's resources. *See McHenry v. Renne*, 84 F.3d 1172, 1179-80 (9th Cir. 1996) (finding dismissal appropriate under Federal Rule of Civil Procedure 8 because "[p]rolix, confusing complaints . . . impose unfair burdens on litigants and judges.").

Here, the Amended Complaint contains roughly thirty pages of convoluted, often repetitive factual background and legal conclusions. Furthermore, despite its length, the Amended Complaint contains numerous confusing logical inconsistencies and ambiguous statements. Plaintiff's Amended Complaint therefore falls short of the pleading requirements. The Court discusses these deficiencies in greater detail below.

**2. Quiet Title**

In Nevada, a quiet title action may be brought "by any person against another whom claims an estate or interest in real property, adverse to the person bringing the action, for the purpose of determining such adverse claim." Nev. Rev. Stat. § 40.010. "In a quiet title action, the burden of proof rests with the plaintiff to prove good title in himself." *Breliant v. Preferred Equities Corp.,* 918 P.2d 314, 318 (Nev. 1996). "Additionally, an action to quiet title requires a plaintiff to allege that she has paid any debt owed on the property." *Lalwani v. Wells Fargo Bank, N.A.,* No. 2–11–cv–00084, 2011 WL 4574338 at *3 (D. Nev. Sep. 30, 2011) (citing *Ferguson v. Avelo Mortg., LLC,* 126 Cal.Rptr.3d 586, 589 (Cal.Ct.App.2011)).

Here, the Amended Complaint acknowledges that a Deed of Trust secures an underlying debt incurred to refinance the Property. (*See* Am. Compl. ¶¶ 19–27).[2] While Plaintiff raises a number of allegations concerning the impropriety of the instruments filed against the Property, nowhere in the Complaint does Plaintiff allege that he is not in breach of the loan agreement. Rather, Plaintiff challenges the validity of the procedures by which his mortgage was securitized and assigned. In fact, although Plaintiff does not expressly admit to being in default on the loan, the Amended Complaint read as a whole does not contain even the barest hint of a dispute over whether Plaintiff was in default. Accordingly, the Court grants dismissal of the quiet title claim. *See Wensley v. First Nat. Bank of Nevada*, 874 F. Supp. 2d 957, 966 (D. Nev. 2012) (dismissing a claim for quiet title where the plaintiff failed to allege that she had paid the debt owed on the property).

**3. Fraud**

To state a claim for fraud, a plaintiff must allege three factors: (1) a false representation by the defendant that is made with either knowledge or belief that it is false or without sufficient foundation; (2) an intent to induce another's reliance; and (3) damages that result from this reliance. *See Nelson v. Heer,* 163 P.3d 420, 426 (Nev. 2007). A claim of "fraud or mistake" must be alleged "with particularity." Fed. R. Civ. P. 9(b). A complaint alleging fraud or mistake must include allegations of the time, place, and specific content of the alleged false representations and the identities of the parties involved. *See Swartz v. KPMG LLP,* 476 F.3d 756, 764 (9th Cir. 2007).

---

[2] Plaintiff alleges that he did not personally sign the Deed of Trust dated September 21, 2004, but acknowledges that he executed a power of attorney to complete the refinance of his home. (Am. Compl. ¶ 19). Plaintiff does not allege that the execution of the Deed of Trust exceeded the scope of the power of attorney. Furthermore, Plaintiff does not allege that the Deed of Trust itself is invalid. In fact, Plaintiff provides no explanation as to how these factual allegations are relevant to the crux of the Complaint, which concerns the procedures by which the loan was securitized and assigned.

Plaintiff fails to plead his fraud claim with the required particularity. As indicated above, Plaintiff predominantly references only a collective "Defendants," without detailing how each individual defendant engaged in the allegedly fraudulent conduct. Plaintiff's claim therefore falls short of the notice pleading standard, let alone the heightened pleading standard of Rule 9(b). Furthermore, beyond conclusory assertions, Plaintiff fails to provide any allegations as to how the loan modification, or any of the preceding "misrepresentations," intentionally induced Plaintiff's reliance. Plaintiff's bare allegations of inconsistencies in the publicly recorded loan documents are insufficient to establish a claim for fraud. *See Allum v. Mortg. Elec. Registration Sys., Inc.*, No. 2:12–CV–00294–GMN, 2012 WL 4746927, at *4 (D. Nev. Oct. 3, 2012). Accordingly, the Court grants dismissal on this claim.

### 4. Breach of Contract

To establish a breach of contract claim, a plaintiff must show that: (1) there was a valid contract; (2) the defendant breached the terms of the contract; and (3) the plaintiff suffered damages as a result of the breach. *See Brown v. Kinross Gold U.S.A., Inc.*, 531 F.Supp.2d 1234, 1240 (D. Nev. 2008).

As an initial matter, the Amended Complaint fails to specify under which contract Plaintiff is suing and therefore falls short of the pleading standard on this basis alone. To the extent Plaintiff is suing under his loan modification agreement with Wells Fargo, Plaintiff fails to state a claim. According to Plaintiff, Wells Fargo breached the loan modification agreement because it did not have the authority to enter into the agreement. (Am. Compl. ¶¶ 182–187). This argument, however, is circular and necessarily precludes Plaintiff from establishing the first element that there be a valid contract. Notwithstanding this contradiction, Plaintiff also fails to identify any particular part of the loan agreement that was allegedly breached and what conduct constituted that breach. Further, while it is not explicit in Plaintiff's pleadings, it also seems apparent that Plaintiff cannot allege performance on his part; he has not disputed that he

is in default on the loan. Lastly, Plaintiff fails to allege any damages arising from the breach aside from broad "litigation costs." (*Id.* ¶ 190). The Court therefore grants dismissal as to this claim.

### 5. Breach of Implied Covenant of Good Faith and Fair Dealing

In Nevada, a covenant of good faith and fair dealing is implied into every contract. *A.C. Shaw Const., Inc. v. Washoe County,* 914, 784 P.2d 9, 10 (Nev. 1989). To establish a claim for breach of implied covenant of good faith and fair dealing, a plaintiff must show: (1) that the plaintiff and the defendant were parties to a contract; (2) that the defendant breached the covenant of good faith and fair dealing by "deliberately countervent[ing] the intention and spirit of the contract"; and (3) that the plaintiff's "justified expectations" were denied. *Hilton Hotels v. Butch Lewis Prods.,* 808 P.2d 919, 922–23 (Nev. 1991).

As Plaintiff's covenant of good faith and fair dealing claim is tethered to Plaintiff's breach of contract claim, Plaintiff's claim necessarily fails for the same reasons as stated in the previous section. Moreover, even to the extent Defendants did breach the loan agreement, Plaintiff fails to allege that Defendants deliberately contravened the intention and spirit of that agreement. Importantly, nowhere in the Amended Complaint does Plaintiff allege that he did not receive the full benefits of the loan modification agreement or that his "justified expectations" were denied. Plaintiff's allegations that Defendants breached the agreement by entering into the agreement without authority are insufficient to establish that Defendants breached the covenant of good faith and fair dealing. The Court therefore dismisses this claim.

### 6. Statute of Limitations

Aside from failing to meet the pleading standards, Wells Fargo Defendants argue that Plaintiff's claims under fraud, breach of contract, and breach of the implied covenant of good faith and fair dealing are time-barred and therefore should be dismissed. (Wells Fargo MTD 7:4–8:22, ECF No. 68). In support of this assertion, Wells Fargo Defendants note that Plaintiff

initiated this action on August 28, 2015, which is roughly seven years after any alleged wrongdoing. (*Id.*).

In Nevada, claims arising under breach of contract have a six-year statute of limitations, and claims arising under fraud have a three-year statute of limitations. Nev. Rev. Stat. § 11.190(1)(b); Nev. Rev. Stat. § 11.190(3)(d). Where the facts and dates alleged in the complaint indicate the claim is barred by the statute of limitations, a motion to dismiss for failure to state a claim may lie. *Jablon v. Dean Witter & Co.,* 614 F.2d 677, 682 (9th Cir. 1980). When a complaint shows on its face that the cause of action is time-barred, "the burden falls upon the plaintiff to satisfy to the court that the bar does not exist." *Bank of Nevada v. Friedman*, 420 P.2d 1, 4 (Nev. 1966).

Here, Plaintiff's claims are premised on Defendants' improper securitization and assignment of instruments, which culminated in an allegedly unauthorized loan modification agreement between Plaintiff and Wells Fargo in March 2008. (Am. Compl. ¶¶ 169–190). As Plaintiff did not initiate this lawsuit until August 28, 2015, Plaintiff's claims facially appear outside the applicable limitations period. In his Response, Plaintiff does not contest that the claims facially fall outside the limitations period. Rather, Plaintiff asserts that pursuant to the "discovery rule," the applicable statute of limitations should start on July 20, 2015, because Plaintiff "did not have any indication of wrong doing by Defendants until the final notice by NDSC." (Pl.'s Resp 11:11–16, ECF No. 75).

Under the discovery rule, "the statutory period of limitations is tolled until the injured party discovers or reasonably should have discovered facts supporting a cause of action." *Petersen v. Bruen*, 792 P.2d 18, 20 (Nev. 1990). A plaintiff who relies upon the discovery rule must plead facts justifying delayed accrual of the action. *Prescott v. United States,* 523 F.Supp. 918, 940–941 (D. Nev. 1981). Wells Fargo Defendants assert that "Plaintiff had all the information available to him at the time of the Loan Modification based on the recorded

documents." (Wells Fargo MTD 7:20–21). In response, Plaintiff argues that it was not until the July 2015 Notice of Default that Plaintiff "realized the loan modification may have been defective which gave rise to the subject complaint." (*Id.* 11:16–17).

The issue in this case, however, is not at what point Plaintiff "realized" the alleged injuries, but rather when Plaintiff *reasonably should have* discovered the alleged injuries. Aside from conclusory assertions, Plaintiff fails to provide any explanation as to why NDSC's latest default notice is the date Plaintiff reasonably became aware of the alleged deficiencies. Per the Complaint, the contested assignments were predominantly recorded before Plaintiff entered into the loan modification agreement. Moreover, Plaintiff already was made aware of the threat of default after NDSC filed the two prior notices of default against Plaintiff in 2008. The Court therefore finds that Plaintiff has failed to plead facts sufficient to warrant the application of the discovery rule and dismissal is warranted on this alternative basis. *See Prescott,* 523 F.Supp. at 940–941.

**7. Leave to Amend**

Rule 15(a)(2) of the Federal Rules of Civil Procedure permits courts to "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). The decision of whether to grant leave to amend nevertheless remains within the discretion of the district court, which may deny leave to amend due to "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962).

Here, despite three prior attempts, Plaintiff has failed to properly state a claim in his complaint. As explained in this Order, Plaintiff's claims contain substantial deficiencies that go not only to their legitimacy but also their timeliness. Therefore, the Court finds that leave to file a fourth amended complaint would be both futile and against the interests of justice. *See*

*Leadsinger, Inc. v. BMG Music Publ'g,* 512 F.3d 522, 532 (9th Cir. 2008); *Harris v. City of Henderson*, No. 2:15–CV–0337–GMN–PAL, 2017 WL 4532144, at *3 (D. Nev. Oct. 10, 2017) (denying leave to amend after multiple failed attempts to state a claim).  Plaintiff's claims are therefore dismissed with prejudice.

## IV.     CONCLUSION

**IT IS HEREBY ORDERED** that BANA Defendants' and Wells Fargo Defendants' Motions to Dismiss, (ECF Nos. 67, 68), are **GRANTED**.

The Clerk of Court is instructed to close the case.

**DATED** this  26   day of March, 2018.

_____
Gloria M. Navarro, Chief Judge
United States District Court