UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

ARMIN VAN DAMME,

                Plaintiff,

vs.

JPMORGAN CHASE BANK, INC. N.A., *et al.*,

                Defendants.

Case No.: 2:15-cv-01951-GMN-PAL

**ORDER DENYING MOTION TO STAY**

      Pending before the Court is a Motion to Stay Foreclosure Proceedings, (ECF No. 108), filed by Plaintiff Armin Van Damme.  Defendant Wells Fargo Bank filed a Response, (ECF No. 114), to which Plaintiff filed a Reply, (ECF No. 115).

      Also pending before the Court is Plaintiff's Motion to Vacate a Void Judgment for Lack of Subject Matter Jurisdiction and Proof of Service, (ECF No. 109), Plaintiff's Motion for Adjudicated Facts for Notice of Judicial Review, (ECF No. 111), Plaintiff's Objection to Wells Fargo's Attorneys, (ECF No. 112), Plaintiff's Motion for Clarification and to Vacate the 2018 and 2024 Orders, (ECF No. 122), and Plaintiff's Motion to Vacate an Order on Motion to Dismiss to Order on Motion to Expunge Lis Pendens, (ECF No. 123).  Defendant Wells Fargo filed Responses to Plaintiff's first three miscellaneous motions, (ECF Nos. 116, 117, 119), and Plaintiff filed Replies, (ECF Nos. 118, 120, 121).

      Because Plaintiff did not appeal the underlying judgment and the grant of the motion to expunge lis pendens was administrative, the Court **DENIES** the Motion to Stay.  The Court also **DENIES as moot** Plaintiff's five miscellaneous motions because the case is closed.

I. **BACKGROUND**

This case revolves around the purchase and foreclosure of the real property located at 2775 Twin Palms Circle, Las Vegas, NV 89117. (Am. Compl., ECF No. 60). The Court's Order Granting Defendants' Motions to Dismiss contains the detailed background of this case, which the Court incorporates in this Order. (Order Granting Mot. Dismiss, ECF No. 97). After the Court granted Defendants' Motions to Dismiss on March 26, 2018, judgment was entered in favor of Defendants and the case was closed. (J., ECF No. 98). Plaintiff did not appeal the Court's dismissal of his action. Almost six years later, on January 12, 2024, Defendant beneficiary U.S Bank filed a motion to expunge lis pendens. (Mot. Expunge, ECF No. 100). The Court granted U.S. Bank's motion and expunged the lis pendens. (Order Granting Mot. Expunge, ECF No. 102). Plaintiff appealed the Court's Order, (Notice of Appeal, ECF No. 103), and then filed the instant motions.

II. **DISCUSSION**

The Court will first address Plaintiff's motion to stay foreclosure proceedings. Plaintiff asks the Court to issue an order suspending foreclosure proceedings while his appeal of the Court's Order Granting the Motion to Expunge Lis Pendens is under review. (*See generally* Mot. Stay, ECF No. 108).

A lis pendens is a "notice of an action affecting real property" that is pending in a judicial proceeding. *See* NRS § 14.010(2). A lis pendens can only be supported by a foreclosure action or a claim that affects title to or possession of real property. NRS § 14.010(1). Under NRS § 14.015, a court must be satisfied that the party who recorded the notice is either "likely to prevail in the action" or "has a fair chance of success on the merits in the action." If not, "the court shall order the cancellation of the notice of pendency. . . ." NRS § 14.015(5). When a Plaintiff's claims have been dismissed with prejudice, "the lis pendens no longer serves a purpose . . . ." *See Ditech Financial LLC v. SFR Inv. Pool 1, LLC*, Case No.

2:16-cv-00127-GMN-NJK, 2019 WL 144167, at *1 (D. Nev. 2019); *see also Wensley v. First Nat. Bank of Nevada*, 874 F. Supp. 2d 957 (D. Nev. 2012) (granting motion to expunge lis pendens after dismissing all claims without leave to amend).

In this case, the Court had dismissed Plaintiff's claims with prejudice and thus was required to expunge the lis pendens per the Nevada Revised Statutes. Plaintiff appealed the Order expunging lis pendens, but did not appeal this Court's dismissal with prejudice, and almost six years have passed. As the Court explained above, the lis pendens must be dismissed when Plaintiff's claims are dismissed. Therefore, there is nothing for this court to "stay." To the extent Plaintiff's motion is construed as a motion preliminary injunction, it must be denied because he cannot succeed on the merits of a case that has already been dismissed. Plaintiff's motion for a stay of foreclosure proceedings is DENIED. Plaintiff's additional motions to vacate the 2018 Order and Judgment, 2024 Order Expunging Lis Pendens, and objection to the appearance of Wells Fargo's counsel are DENIED as moot because this case is closed and the claims have been dismissed with prejudice.[1] Plaintiff is advised to cease filings in this closed case.

///
///
///
///
///

---

[1] Plaintiff asks the Court to vacate the judgment from six years ago, but he did not appeal that judgment. He further argues that the Order expunging lis pendens was improperly entered because the motion was served on his counsel of record instead of him personally. This argument is ineffective because Plaintiff is represented and thus service "must be made on the attorney unless the court orders service on the party." Fed. R. Civ. Pro. 5(b).

### III.  CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Stay, (ECF No. 108), is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff's Miscellaneous Motions, (ECF Nos. 109, 111, 112, 122, and 123), are **DENIED AS MOOT.**

**DATED** this   10   day of June, 2024.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT