UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ARMIN VAN DAMME,<br><br>             Plaintiff,<br>vs.<br><br>JPMORGAN CHASE BANK, INC. N.A., *et al.*,<br><br>             Defendants. | Case No.: 2:15-cv-01951-GMN-PAL<br><br>**ORDER** |

Pending before the Court are four motions filed by Plaintiff Armin Van Damme: a Motion for Judicial Review, (ECF No. 124), a Motion for Reconsideration, (ECF No. 126), a Motion in Support of the Motion for Reconsideration, (ECF No. 127), and a Motion to Strike, (ECF No. 132).  For the following reasons, the Court **DENIES** Plaintiff's four motions.

I.         **BACKGROUND**

This case revolves around the foreclosure of a Las Vegas property. (Am. Compl., ECF No. 60).  The Court's Order Granting Defendants' Motions to Dismiss contains the detailed background of this case, which the Court incorporates in this Order. (Order Granting Mot. Dismiss, ECF No. 97).  On March 26, 2018, the Court granted Defendants' Motions to Dismiss, judgment was entered in favor of Defendants and the case was closed. (J., ECF No. 98). Plaintiff did not appeal the Court's dismissal of his action until almost six years later, on January 12, 2024, when Defendant beneficiary U.S Bank filed a motion to expunge lis pendens. (Mot. Expunge, ECF No. 100).  The Court granted U.S. Bank's motion and expunged the lis pendens. (Order Granting Mot. Expunge, ECF No. 102).  Plaintiff appealed the Court's Order, (Notice of Appeal, ECF No. 103), and has since filed multiple miscellaneous motions, many of which attempt to relitigate the merits of his dismissed claims.

## II. DISCUSSION

In the Court's last order, it informed Plaintiff that his case is closed, his claims have been dismissed with prejudice, and thus he was advised to cease filings in this closed case. This admonition remains in place, and the Court will not continue to entertain motions on the merits of claims that were dismissed with prejudice six years ago.

Plaintiff's Motion for Request of Judicial Review, (ECF No. 124), asks the Court to review his Reply brief to a motion he filed in his Ninth Circuit appeal. This is improper and the requested is DENIED. Plaintiff's motion continues to make arguments about alleged fraud and conflicts of interest relating to his dismissed claims, but Plaintiff presents no legal authority for his proposition that these arguments may properly be considered six years after his claims were dismissed with prejudice.

Next, Plaintiff files two Motions for Reconsideration of the Court's previous Order denying his Motion to Stay. (ECF Nos. 126, 127). The Court denied his motion to stay foreclosure proceedings because he had no likelihood of success on the merits of a case in which all claims have been dismissed with prejudice, and denied his other miscellaneous motions as moot because his case has been closed for six years. (Order Denying Stay, ECF No. 125). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). A motion for reconsideration is properly denied if it presents no new arguments. *Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985).

Plaintiff fails to present a valid reason why the court should revisit this order. First, he argues that the "dismissal" of his case occurred two days before the U.S. Bank response deadline to his Motion to Vacate filed May 30, 2024. (Mot. Reconsideration, 3:7–11). But

Plaintiff's claims were dismissed with prejudice six years ago, not as part of the Court's recent June order denying his motion to stay.  Second, he again argues about the merits of his dismissed claims regarding fraud and improper assignment, which is improper at this stage of the case.  Plaintiff's Motions for Reconsideration are thus DENIED.

Lastly, Plaintiff's most recent Motion to Strike asks the Court to strike assignments made in 2009 and 2013.  These assignments have already been litigated and resulted in judgment for Defendants. (*See* Order, ECF No. 97).  Plaintiff is cautioned to not file further motions in this closed case unless his appeal is successful.  Plaintiff's four untimely motions wasted judicial resources and required Defendants to incur unnecessary costs which they may seek to recover pursuant to Rule 54 of the Federal Rules of Civil Procedure and D.Nev. Local Rule 54-14.

III.   **CONCLUSION**

**IT IS HEREBY ORDERED** that Plaintiff's Motions, (ECF Nos. 124, 126, 127, 132), are **DENIED.**

**DATED** this __2__ day of October, 2024.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT